## APPEALS OF A. R. DENNIS, HART L. WEAVER, AND EBENEZER WELLS.

Docket Nos. 2014, 2013, 1871. Submitted June 29, 1925. Decided October 26, 1925.

*A. E. Cooley* and *P. G. Sheehy, Esqs.*, for the taxpayers.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

These appeals are taken from deficiencies determined by the Commissioner in the amounts and for the calendar years as follows:

| | | |
|---|---|---|
| A. R. Dennis | $1,821.76 | for the year 1920. |
| Hart L. Weaver | 1,959.02 | for the year 1920. |
| Ebenezer Wells | 61.19 | for the year 1919. |
| Ebenezer Wells | 1,506.09 | for the year 1920. |
| | 5,348.06 | |

At the hearing of the appeal of Ebenezer Wells the taxpayer withdrew that part of his petition relating to the year 1919, leaving in controversy here deficiencies in the aggregate amount of $5,286.87 for the calendar year 1920. By stipulation of counsel the evidence offered in the appeal of A. R. Dennis is applicable to the other two appeals, the issues being the same in all three appeals.

The question presented is whether the Commissioner erred in adding to the income of the partnership, of which the taxpayers were members, an item shown on the partnership ledger on December 31, 1920, under the caption " unrealized profit.". Counsel for the taxpayers agreed that if this action of the Commissioner was correct the taxpayers should properly have returned as income for 1920 their distributive shares of this item.

FINDINGS OF FACT.

1. The taxpayers are members of the firm of Weaver-Wells Co., a copartnership, with its principal place of business at Oakland. Calif.

2. The partnership is engaged in the business of selling automobiles on a cash basis and also on a deferred payment or conditional sales plan. Under the latter plan purchasers executed a contract which provided, among other things, that title to the automobile described therein remained in the vendor until full payment was made. Upon execution of a conditional sales contract the initial payment made was entered on the credit side of the purchaser's ledger account in the partnership's conditional sales ledger. The initial payment was usually about 25 per cent of the full purchase price. In some cases used cars were accepted from purchasers as part payment, and in such cases the value allowed on the used cars was entered as the initial payment. Following this entry, all payments due in the future, whether in 1920 or 1921, were listed under the due dates, as shown by the contract, as debits in the purchaser's ledger account. As payments were made they were credited to the purchasers on their respective ledger accounts.

3. At the close of the year 1920, in making up its profit and loss statement, the partnership determined, by checking its conditional sales accounts, what it termed " realized profit " and " unrealized profit " on the conditional sales. A *pro rata* part of the total profit on each transaction, based on installments paid during the year, was included in the account termed " realized profit." The balance of the profits on contracts executed in 1920 was carried forward into 1921 in a separate profit and loss account designated as " unrealized profit."

4. The profit and loss account for 1920 shows a profit of $53,771.13, and the " unrealized profit " account for that year shows the sum of $23,697.98 transferred from profit and loss.

5. The partnership keeps its books of account on the accrual basis. The partnership was organized on October 1, 1919, and the books have been consistently kept upon the same basis since that date.

### DECISION.

The determination of the Commissioner is approved. See *Appeal of B. B. Todd, Inc.*, 1 B. T. A. 762; *Appeal of H. B. Graves Co., Inc.*, 1 B. T. A. 859; *Appeal of The Hoover-Bond Co.*, 1 B. T. A. 929.